# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| RONALD O. LATRAY, <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL SCHULER, TOMAN BAUKEMA, OFFICER NEGEL, and SHERIFF MIKE LINDER, <br><br> Defendants. | CV 15-00136-BLG-SPW-CSO <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending is Plaintiff Ronald Latray's Amended Complaint raising claims arising from his arrest by Montana Highway Patrol officers and his subsequent incarceration in the Yellowstone County Detention Facility. *ECF 7.* By Order dated January 15, 2016, the Court required Latray to clarify his factual allegations and the status of any criminal charges against him arising from his arrest. He was also instructed to clarify any claims he was seeking to bring against Sheriff Linder.

Pursuant to the review mandated by 28 U.S.C. §§ 1915, 1915A, the Court finds that all claims against Highway Patrol officers Schuler

1

and Baukema are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) and should be dismissed. Latray's claims regarding a denial of access to the courts fail to state a claim upon which relief may be granted and should also be dismissed. Defendants Negel and Linder will be required to respond to the Amended Complaint.

## I. STATEMENT OF THE CASE

### A. Parties

Latray is a prisoner proceeding without counsel. He is incarcerated at the Yellowstone County Detention Facility in Billings, Montana. In his Amended Complaint, Latray names Montana Highway Patrol Officers Daniel Schuler and Toman Baukema, Correctional Officer Negel and Sheriff Mike Linder. *Amd. Cmplt., ECF 7 at 1, 3, 7.*

### B. Allegations

Latray first alleges that on March 24, 2015, Highway Patrol Officer Schuler conducted an unlawful search and seizure of his vehicle and person without probable cause, falsified official reports to imply that Latray had violated a law, and failed to report that he had created a dangerous situation by operating his patrol car in violation of

Montana law. *Amd. Cmplt., ECF 7 at 4.*

Latray alleges Officer Baukema failed to train or supervise his subordinate Schuler and he did not report Schuler's disregard for public safety. *Amd. Cmplt., ECF 7 at 4.*

Latray next alleges that while incarcerated at the Yellowstone County Detention Center he was instructed to place his hands on a ledge and face a thick plexiglass window. When he complied, Officer Negel, without physical threat or resistance from Latray, smashed Latray's head into the window causing a large laceration above Latray's right eye. He contends the cut would have required stitches but he did not receive any medical attention. *Amd. Cmplt., ECF 7 at 8.*

Officer Negel then allegedly pushed and held Latray's face against the window and choked him. Negel called for a spit hood, threw Latray backwards by his neck into a chair, restrained him, and shoved him into a small cell. Latray sat in the chair for hours and had to urinate in his pants. He was eventually let out of the chair and was fed a sack lunch but he did not receive a hot meal. Latray was held in what he described as a filthy cell for two days with no bedding, no shower, no soap, no

3

towel, with an open wound covered in thick-caked blood, and he had to wear and sleep in his soiled clothing. *Amd. Cmplt., ECF 7 at 8.* Latray also alleges he was denied access to legal materials, books, and court.

Latray alleged Sheriff Linder failed to properly instruct, train and supervise his staff regarding these issues. He also alleges that Sheriff Linder failed to treat Latray's medical needs. *Amd. Cmplt., ECF 7 at 9-10.*

## II. PRESCREENING

### A. Standard

Latray is a prisoner proceeding in forma pauperis so his Amended Complaint is reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

### B. Analysis

#### 1. Claims arising from March 24, 2015 Arrest

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States

4

Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

Attached to Latray's amended complaint is a Motion to Suppress filed by Latray's counsel in Criminal Cause No. DC 15-333 arising from the events on March 24, 2015. Therein, Latray's counsel raises the same arguments/claims as set forth in Latray's Amended Complaint. According to the Yellowstone County Clerk of Court's Office, Latray plead guilty in Criminal Cause No. DC 15-333 on February 26, 2016

5

and is scheduled to be sentenced on June 22, 2016. Since Latray has been convicted and he raised the issues raised herein in his criminal proceedings, any judgment in his favor on these issues would necessarily imply the invalidity of his conviction. All claims against Officers Schuler and Baukema are barred by the *Heck* doctrine and should be dismissed.

### 2. Allegations Regarding Conditions of Confinement

The Court has considered whether Latray's claims of excessive force, denial of medical attention, and unconstitutional conditions of confinement as alleged against Defendants Negel and Linder are frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Latray has a reasonable opportunity to prevail on the merits of these claims. *See* 42 U.S.C. § 1997e(g). Dismissal of these claims is not appropriate at this time. Defendants Negel and Linder must respond to these claims. *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in

any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

Latray has also made a general allegation that he is being "denied access to legal materials/books and court." *Amd. Cmplt., ECF 7 at 8.* These allegations are insufficient to state a denial of access to the courts claim. To establish a violation of the right to access to the courts prisoners must allege facts sufficient to show that: (1) a nonfrivolous legal attack on their conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) they has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353–55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348.

Latray has not presented sufficient allegations to establish actual

7

injury for an access to the courts claim. In fact, the Court notes that Latray filed an application for writ of habeas corpus in the Montana Supreme Court on January 29, 2016 in which he admits that he has already filed two lawsuits regarding his arrest. His ability to file a pro se application for writ of habeas corpus and two lawsuits regarding his arrest belies his claim that he is being denied access to the courts. In addition, he was represented by counsel in his underlying criminal action as evidenced by the motion to suppress submitted with the Amended Complaint. *Amd. Cmplt., ECF 7-1.* Latray has not made a sufficient showing that he is suffering an actual injury even if he was denied access to legal materials.

### III. CONCLUSION

Latray's claims against Officers Schuler and Baukema and Latray's claims of denial of access to the courts should be dismissed. Defendants Negel and Linder will be required to respond to Latray's claims of excessive use of force, denial of medical care, and unconstitutional conditions of confinement.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Negel and Linder to waive service of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing. If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

2. The Clerk of Court shall forward the documents listed below to:

Sheriff Mike Linder
Correctional Officer Negel
c/o Yellowstone County Detention Facility
3165 King Avenue East
Billings, MT 59101

* Complaint (*ECF 2*);
* Order dated January 15, 2016 (*ECF 4*);
* Amended Complaint (*ECF 7*);
* this Order,
* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Latray must not make any motion for default until at least seventy (70) days after the date of this Order.

5. Pursuant to Local Rule 26.1(d), no party may begin discovery until a Scheduling Order has been issued.

6. At all times during the pendency of this action, Latray must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of

Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATIONS**

Latray's claims against Officers Schuler and Baukema and Latray's denial of access to the courts claims should be dismissed.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Latray may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

DATED this 3rd day of June, 2016.

                              /s/ Carolyn S. Ostby
                             United States Magistrate Judge

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RONALD O. LATRAY,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL SCHULER, TOMAN BAUKEMA, OFFICER NEGEL, and SHERIFF MIKE LINDER,<br><br>Defendants. | CV 15-00136-BLG-SPW-CSO<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

To: Sheriff Mike Linder
Correctional Officer Negel
c/o Yellowstone County Detention Facility
3165 King Avenue East
Billings, MT 59101

A lawsuit has been filed against you in this Court under the number shown above. Copies of the complaint and amended complaint are attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed

1

waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants had been served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and complaints on Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 3rd day of June, 2016.

                                          /s/ Carolyn S. Ostby
                                         United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| RONALD O. LATRAY,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL SCHULER, TOMAN BAUKEMA, OFFICER NEGEL, and SHERIFF MIKE LINDER,<br><br>Defendants. | CV 15-00136-BLG-SPW-CSO<br><br>Rule 4 Waiver of the Service of Summons |

TO: The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of the request to waive service of summons in this case. Defendants also received copies of the Complaint and Amended Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaints in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____, _____,

_____, _____,

1

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)