IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

OCT 20 2017

Clerk, U.S. District Court
District Of Montana
Billings

RONALD O. LATRAY.,

Plaintiff,

vs.

OFFICER NEGEL, and SHERIFF MIKE LINDER,

Defendants.

CV 15-136-BLG-SPW

ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS

Before the Court are United States Magistrate Judge Timothy Cavan's Findings and Recommendations filed on August 21, 2017. (Doc. 55). Judge Cavan recommends that this Court grant the Defendants' motion for summary judgment (Doc. 30).

Because Plaintiff Ronald Latray did not file objections, the Court previously reviewed and adopted Judge Cavan's Findings and Recommendations under the clear error standard. (Doc. 57). However, it is apparent that Latray's receipt of Judge Cavan's Findings and Recommendations was substantially delayed due to Latray's incarceration. Latray has since filed objections to Judge Cavan's Findings and Recommendations. (Doc. 59).

The Court may correct a judgment which contains a mistake arising from an oversight or omission. Fed. R. Civ. P. 60(a). The Court holds its review of Judge

1

Cavan's Findings and Recommendations under the clear error standard was a mistake based on an oversight and hereby corrects its previous order. Latray is entitled to a de novo review of those portions of Judge Cavan's Findings and Recommendations to which he objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Judge Cavan recommended this Court grant the Defendants' motion for summary judgment because Latray had not exhausted his administrative remedies. Latray argues Judge Cavan erred because the record shows the administrative procedure was not available to Latray until three days after the incident. (Doc. 59 at 2).

Under the Prison Litigation Reform Act, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006); 42 U.S.C. § 1997e(a).

The Court disagrees with Latray. Latray admits he received a copy of the prisoner handbook, which contained the process for filing a grievance. (Doc. 28 at 3). Latray also admits he filed fifteen other grievances using this procedure. (Doc. 51 at 9). Although the injury complained of occurred three days prior to Latray being given the prisoner handbook, nothing in the grievance procedure indicates Latray is time barred from filing a grievance. (Doc. 46-1 at 33). Latray offers no

facts to suggest the administrative procedure is unavailable to him. He is therefore required to exhaust his administrative remedies before filing his complaint in federal court. *Woodford*, 548 U.S. at 88.

IT IS ORDERED that the Court's previous Order adopting Judge Cavan's Findings and Recommendations (Doc. 57) is hereby withdrawn and replaced with this Order.

IT IS FURTHER ORDERED that Judge Cavan's Findings and Recommendations (Doc. 55) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Latray's objection (Doc. 59) to Judge Cavan's Findings and Recommendations is OVERRULED.

IT IS FURTHER ORDERED that the Defendants' motion for summary judgment (Doc. 30) is GRANTED and this matter is DISMISSED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this matter and enter judgment in favor of the Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court is directed to reflect in the docket that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 20th day of October, 2017.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge

4